UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 3512

Request from Poland for Assistance in a
Criminal Matter: DOJ No. CRM-182-64604
_____/

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America by and through its undersigned Assistant United States Attorney, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant United States Attorney, Yara Klukas, of the United States Attorney's Office (or a substitute or successor subsequently designated by the United States Attorney's office), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Republic of Poland (hereinafter, "Poland").  In support of this application, the United States asserts:

### RELEVANT FACTS

1. The Polish National Prosecutor's Office submitted a request for assistance (hereinafter, the "Request") to the United States, pursuant to the Treaty Agreement Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance

Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (hereinafter, the "Treaty").

2. As stated in the Request, the Circuit Prosecutor's Office in Krakow, III Department for Business Crime is investigating criminal offenses, specifically misappropriation and exceeding authority, which occurred on or about July 22, 2003-July 10, 2017, in violation of the criminal law of Poland, namely, Articles 284, Paragraph 2 and Article 294 Paragraph 2 of the Polish Criminal Code. A copy of the applicable law is included as Attachment A. Under the Treaty, the United States is obligated to render assistance in response to the Request.

3. According to authorities in Poland, in 2003, the "Victim" granted Jacek Hess and Maria Hess a jointly and individually power of attorney to sell her shares in a property located in Krakow. The power of attorney granted the Hesses authority to sell the Victim's shares of the property at a price and on terms and conditions at their discretion. The "Victim" also entrusted them with the management and administration of the property. On December 12, 2008, Jacek Hess died.

4. Between August 18, 2015 and March 14, 2017, Maria Hess acting under the power of attorney sold four units to Marcin Liszka. Furthermore, on April 26, 2016, Maria Hess acting as the "Victim's" proxy granted Liszka a substitute power of attorney to act on her behalf.

5. On July 10, 2017, Jozef Bozek, claiming that the "Victim" had recently granted him power of attorney and serving as administrator of her assets, notified the prosecutor's office in Krakow that the "Victim" had revoked the powers of attorney issued to the Hesses, first in 2008 and then again in 2011 (before the sales of "Victim's" units to Marcin Liszka), and had informed them accordingly. Therefore, Maria Hess was allegedly not authorized to sell the "Victim's four units around 2015-2017. Moreover, Maria Hess had allegedly neither informed the "Victim" of

2

the sales nor did she transfer the money from the sales of the units, rent payments, and fees to the "Victim."

6. However, Maria Hess asserts that her power of attorney was never revoked and that she only learned about it in 2017 when Jozef Bozek's attorney, Piotr Prugar, visited her and forwarded her the revocation of the power of attorney dated in 2011. The "Victim" allegedly suffered losses of at least 630,000 Polish Zlotys approximately $166,000 dollars. The "Victim" has Alzheimer's disease and is confined to a nursing home. Due to her progressively deteriorating medical condition, she could not participate in an interview nor could her husband provide any medical documentation.

7. To further the investigation, Polish authorities submitted a request to interview one of the "Victim's" known doctors located in this district to determine when the "Victim" began suffering from Alzheimer disease and specifically whether she had the mental capacity to sign and revoke power of attorney documents and granting authorization to sell her shares on her behalf.

## LEGAL BACKGROUND

### The Treaty

8. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

9. The United States and Poland entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. See Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters, Pol.-U.S., pmbl., July 10, 1996, S. TREATY DOC. NO. 105-12. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Treaty, Annex, Article 1.

10. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty, Annex, Article 5(1) ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute [a] request").

## 18 U.S.C. § 3512

11. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> An application for execution of a request from a foreign authority under this section may be filed in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located.
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for

4

proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2)

12. Congress enacted this section to make it "easier for the United States to respond to foreign requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

13. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegate execution to another attorney for the government.[2] Upon such a duly authorized application,

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute the request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

14.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena."  Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A copy of a "Commissioner Subpoena" is included as Attachment B.

---

[3] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

## REQUEST FOR ORDER

15. As evidenced by a letter from the Office of International Affairs to the Office of the United States Attorney for the Southern district of Florida, the Office of International Affairs has reviewed and authorized the Request and has delegated execution to the United States Attorney's Office, Southern District of Florida. Consequently, this application for an Order appointing the undersigned as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.

16. In addition, the Request was submitted by an appropriate "foreign authority," the Polish National Prosecutor's Office, the designated Central Authority in Poland for requests made pursuant to the Treaty, and seeks assistance in the investigation of a criminal offense in Poland, specifically misappropriation and exceeding authority. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, the production of records and witness interview, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, the person required to appear is located in the Southern District of Florida. Accordingly, this application was properly filed in this district.

17. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in United States criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect

the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).[4]

18.     Therefore, the United States respectfully requests that this Court issue the attached proposed Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant united States attorney, Yara Klukas,  (or a substitute or successor subsequently designated by the United States Attorney's Office) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoenas, to obtain the evidence requested in a form consistent with the intended use thereof.

Dated April 22, 2020.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:     /s/ *Yara Klukas*_____
YARA KLUKAS
Assistant United States Attorney
United States Attorney's Office
FL Bar No. 73101
99 NE 4th Street, 6th Floor
Miami, FL 33132
Telephone: (305) 961-9102
Email: Yara.Klukas@usdoj.gov

---

[4] Polish authorities have not asked U.S. authorities to keep the Request confidential.  Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.